MARK LANIGAN et al., Appellants, v. THE MAYOR, ALDER-
MEN AND COMMONALTY OF THE CITY OF NEW YORK,
Respondent.

Where, prior to the passage of the act of 1874 (chap. 304, Laws of 1874),
consolidating the city and county governments, a claim against the
county of New York had been audited and allowed by the board of
supervisors, all that the city auditor had to do, in reference to such
claim, was to examine the voucher, and see that it was in proper
form; he had no right to revise the action of the supervisors and re-
adjust the claim.

Such a claim having been presented to the auditor, he certified to the
comptroller that he had " examined, revised, allowed and settled" the
account at a reduced sum; the comptroller received and filed the
voucher in his department, paid most of the sum certified to by the
auditor, and without objection to the voucher, offered to pay the balance.
In an action against the city to recover the balance of the claim, as
audited by the board of supervisors, held, that the certificate of the
auditor was, in effect, a statement that he had " examined and allowed"
the voucher as required by the act of 1873 ( chap. 335, Laws of 1873),
but that he disapproved of the amount; and the action of the comptroller
was, in effect, an approval of the voucher as required by said act; that
the action of the auditor, in reducing the amount, was nugatory, and
in the absence of any other defense, that plaintiffs were entitled to
recover.

After the audit and allowance of plaintiffs' claim by the board of super-
visors, a receiver of plaintiffs' property, appointed in supplementary pro-
ceedings, took possession of the voucher, and upon refusal of the auditor
to examine and allow, obtained a peremptory mandamus, commanding
him to do so. He thereupon made the examination, allowance and
deduction above stated, and after the commencement of this action
made a return to the writ, stating such action in obedience to the writ.
Nothing further was done in the mandamus proceedings. The receiver
received from the comptroller a sufficient sum to satisfy the judgment
under which he was appointed, and expenses, and was discharged. It
was claimed by defendant that the mandamus proceedings constituted
an adjudication, that only the sum allowed by the auditor was due upon
plaintiffs' claim, and that they were estopped thereby. Held, untenable;
that there was no adjudication, and the action of the auditor was not
judicial, and neither bound the receiver nor the plaintiffs; also, that
upon the discharge of the receiver, plaintiffs became re-invested with
their property and were entitled to recover the full amount of the bal-
ance of their claim as audited by the supervisors.

(Argued June 18, 1877; decided September 18, 1877.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of defendant, entered upon an order dismissing plaintiffs' complaint on trial.

This action was brought to recover a balance alleged to be due on an account against the county of New York.

On the 16th day of September, 1872, the board of supervisors of the county of New York audited and allowed a claim presented by plaintiffs' at the sum of $10,035. It was admitted by the pleadings that such claim was a county charge, and that the said final audit was duly certified to the comptroller of the city of New York by the clerk of the board of supervisors.

On the 20th of April, 1874, a receiver, who had been appointed in supplemental proceedings against the plaintiffs, commenced proceedings by mandamus against the auditor of accounts in the finance department of the city of New York, to compel him to examine and allow the voucher of said claim, he having refused so to do. On the 16th of May, 1874, a peremptory mandamus was issued commanding said auditor to examine and allow the voucher.

The only action taken by the auditor is set forth in the following certificate;

"*May* 12, 1874.

"I certify to the comptroller this account of Lanigan and Adams, which I have examined, audited, revised, allowed and settled at the sum of six thousand one hundred and twenty-four dollars ($6,124)," etc.

Thereupon the comptroller received the voucher and certificate, and paid to the receiver the amount of the judgment and costs of the suit, wherein said receiver was appointed, to wit, $2,444.42, and subsequently $2,757.58, was paid to the attorney of the plaintiffs. After the commencement of this action the auditor made a return to the writ setting forth that he had examined and allowed the account as stated in his certificate.

No further proceedings appear to have been taken.

*William H. Townley*, for the appellants. The audit and allowance of the claim in suit by the board of super-. visors was a judicial determination, and final and conclusive. (*Suprs. of Onon. Co.* v. *Briggs*, 2 Den., 26–39; *People* v. *Suprs. of Schen. Co.*, 35 Barb., 408; *People* v. *Suprs. of Liv. Co.*, 26 id., 118; *People* v. *Start*, 23 id., 344; *People* v. *Lawrence*, 6 Hill, 244; *People* v. *Suprs.*, 9 Wend., 508; *Huff* v. *Knapp*, 5 N. Y., 65; 2 Crary's Spec. Proc. [3d ed.], 58; *People ex rel. Brown* v. *Green*, 2 T. & C., 18; 56 N. Y., 476; Laws 1857, chap. 590, § 6; Laws 1870, chap. 190, § 6.) Plaintiff's offer to prove the practice in the department of finance as to examining and allowing vouchers and certifying to the same was proper. (*Eaton* v. *Pickersgill*, 55 N. Y., 315; *Troup* v. *Haight*, Hopk., 268.) The mandamus proceeding in this case was not an action and there consequently was no judgment. (*People ex rel. Lumley* v. *Lewis*, 28 How. Pr., 159.)

*D. J. Dean*, for the respondent. The proceedings by mandamus constituted an executed judgment upon the subject matter of this action and a bar to the maintenance thereof. (*Brady* v. *Suprs.*, 2 Sandf., 460; *Huff* v. *Knapp*, 5 N. Y., 68; *Embury* v. *Connor*, 3 id., 522; *Mercun* v. *People*, 25 Wend., 64; *Platner* v. *Best*, 11 J. R., 530; 20 Howell's State Trial, 530; *Ehle* v. *Bingham*, 7 Barb., 494; *Young* v. *Rummell*, 2 Hill, 478; *Gardner* v. *Buckbee*, 3 Cow., 120; *Burt* v. *Steenburg*, 4 id., 559; *Wood* v. *Jackson*, 8 Wend., 9; *Lawrence* v. *Hunt*, 10 id., 81; *Nicholl* v. *Mason*, 21 id., 339; *Baker* v. *Ravel*, 13 Barb., 152; 5 Sandf., 134; *Thomas* v. *Rumsey*, 6 J. R., 26; 12 Abb. Pr., 247.) The action of the auditor must be presumed to have been proper and legal and the account cannot be reopened and his action examined and reviewed in this action. (*Platner* v. *Best*, 11 J. R., 530; *Suprs. Onon. Co.* v. *Briggs*, 2 Den., 26; 2 Hill, 135.) The auditor was not bound to allow plaintiff's vouchers at the sum allowed by the supervisors because they had made such allowance. (Laws 1870,

chap. 190, § 6, p. 482; *People* v. *Lawrence,* 6 Hill, 244; *People* v. *Stout,* 23 Barb., 354; *Chemung Co. Bk.* v. *Suprs.,* 5 Den., 20; *Morris* v. *People,* 3 id., 382.) By the act consolidating the city and county of New York liabilities enforcible against the county became chargeable against the city. (Laws 1874, chap. 304, p. 360; Laws 1857, chap. 590, § 6; Laws 1870, chap. 190, § 6; *People* v. *Green,* 2 T. & C., 18.)

EARL, J. It is admitted by the pleadings that the claim of plaintiffs was duly audited and allowed by the board of supervisors of the county of New York, and that it was a county charge. There is no allegation in the answer that such audit and allowance was fraudulent or irregular, or that the charge was excessive. By the act chapter 304 of the laws of 1874, the city and county governments were consolidated, and all charges against the county were made charges against the city, and thus the city became liable to pay the plaintiffs. But before the city officers could pay, the voucher for the claim under the act, chapter 335 of the laws of 1873, must have been "examined and allowed by the auditor, and approved by the comptroller." Such examination, allowance, and approval are a condition precedent to any suit against the city. (*People ex rel. Brown* v. *Green,* 2 N. Y. Sup. Ct. R. [T. & C.], 18; S. C., 56 N. Y., 476; *People ex rel. Outwater* v. *Green,* 56 N. Y., 466.)

It being conceded that this claim was a proper charge against the county, and that it was duly audited and allowed by the board of supervisors, there was nothing for the city auditor to do but to examine the voucher, and see that it was in proper form. He had no right to revise the action of the supervisors, and re-adjust the claim. If he found the voucher proper and regular, it was his duty to audit and allow, and the duty of the comptroller to approve and draw his warrant.

It is entirely clear that the auditor and comptroller were both satisfied with the voucher for plaintiffs' claim. The

auditor examined and allowed the voucher; but attempted to cut down the claim. The effect of his certificate to the comptroller is that he found the voucher all right, but that he disapproved of the amount allowed by the supervisors. He had no right to make the reduction, and his action in doing so can have no effect. That the comptroller approved of the voucher is conclusively shown by the fact, that he took and filed the voucher in his department, and paid nearly the whole sum certified by the auditor, and has offered to pay the balance, making no objection whatever to the voucher.

The plaintiffs should, therefore, have recovered, unless barred by the only defense set up in the answer, which will now be considered. After plaintiffs' claim was audited and allowed by the supervisors, a judgment was obtained against them, and in proceedings supplementary to execution under such judgment, a receiver of their property was appointed. Such receiver acted, took possession of the voucher for plaintiffs' claim, and, upon refusal of the auditor to examine and allow the voucher, obtained a peremptory writ of mandamus commanding him forthwith to examine and allow it. He made the examination and allowance, and the reduction as above mentioned, and, long after the commencement of this suit, made his return to the court stating such action in obedience to the writ, and nothing more was done in the mandamus proceedings. These proceedings are claimed by the defendants to constitute an adjudication that only the sum allowed by the auditor was due upon plaintiffs' claim, and that they are estopped thereby. But there was no adjudication and no judgment whatever. There was no judicial action except the order that the writ issue, and that writ commanded the auditor to examine and allow the the voucher; not to examine and reduce the claim, or revise the action of the supervisors. The action of the auditor was not judicial, and neither bound nor estopped the receiver or the plaintiffs. Hence there was no judicial action of any kind reducing plaintiffs' claim.

It is true that the auditor might have been compelled to

have made a different return by omitting therefrom all that pertained to the reduction of the claim. The receiver had no interest to compel him as the amount he desired to realize to pay the judgment under which he was appointed, and the expenses was only about $2,400; and there was no necessity to compel him, so long as it appeared clearly that he had, in substance and effect, examined and allowed the voucher.

After the receiver had realized the sum which he desired, he was discharged, and the plaintiffs became again reinvested with their property, and then they were entitled to recover the full amount of the balance of their claim as audited and allowed by the supervisors deducting a payment subsequently made on their account.

It is quite probable the plaintiffs' claim is exorbitant. It may be dishonest and fraudulent, but the law must be administered in all cases. There is no power in the city auditor, or in the courts, upon any facts which appear in this case to revise the action of the supervisors.

The complaint was therefore improperly dismissed, and there must be a new trial.

The judgment must be reversed and new trial ordered.

All concur, except RAPALLO, J., absent.

Judgment reversed.